UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CALVINETTE PETTIEWAY, individually, and on behalf of all others similarly situated | * * * | |
| VERSUS | * * | CIVIL ACTION NO.: |
| T&C ROBINSON, INC. D/B/A ANGELS HOME HEALTH CARE | * * * | |

## COMPLAINT- COLLECTIVE AND CLASS ACTION

Plaintiff, Calvinette Pettieway, individually and on behalf of all others similarly situated current and former employees of Defendant, brings this Collective and Class Action against Defendant, T&C Robinson, Inc. D/B/A Angels Home Health Care, and alleges as follows:

### I. JURISDICTION

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

2. Plaintiff also brings this cause of action for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.* to recover unpaid overtime compensation under §95-25.4. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the pendant state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

### II. PARTIES

3. Plaintiff, Calvinette Pettieway, is domiciled in the City of Fayetteville, State of North Carolina, and was employed by Defendant from approximately April 2017 through August 2020 as a Home Healthcare Worker, who provided care for those with illnesses or disabilities

1

which require assistance with activities of daily living. Plaintiff's hours varied from week to week but she regularly worked more than forty (40) hours a week.

4. Plaintiff has consented to filing the instant action. (Exhibit "A").

5. Defendant, T&C Robinson, Inc. D/B/A Angels Home Health Care (hereinafter referred to as "Angels Home Health Care") is a North Carolina corporation with its principal place of business located at 108 S. Main Street, Suite C, Warrenton, Warren County, North Carolina, and may be served through its registered agent, Charlotte Robinson, at 814 Hope Mills Road, Fayetteville, NC, 27589.

6. Defendant employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's right for which she seeks redress in this case.

7. The precise size and the identity of the Collective and Class should be ascertainable from the business records, payroll, and/or employee or personnel records of Defendant.

### III. VENUE

8. Venue is proper in this District as Defendant conducted business, and is domiciled, in the Eastern District, and a substantial part of the events giving rise to the claims occurred in Warren County.

### IV. COLLECTIVE AND CLASS ACTION DEFINITIONS

9. The Collective of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current and former hourly healthcare workers employed by T&C Robinson, Inc. D/B/A Angels Home Health Care within the last three (3) years.

10. The Class of similarly situated employees sought to be certified under Rule 23 for N.C. Gen. Stat. Ann. §§95-25.1, *et seq.* claims is defined as:

> All current and former hourly healthcare workers employed by T&C Robinson, Inc. D/B/A Angels Home Health Care within the last two (2) years.

## V. COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d) as Defendant directly employed Plaintiff and the Collective and Class Members.

12. At all times hereinafter mentioned, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

13. At all pertinent times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

14. Defendant has had an annual gross volume of sales made or business done of $500,000 (exclusive of excise taxes at the retail level which are separately stated) as required by 29 U.S.C. §203(s)(A)(ii).

15. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 as Plaintiff and the Collective Members, utilized goods moved in interstate commerce such as medical supplies, medical devices, office supplies, computers and cell phones.

## VI. FACTS

16. Upon information and belief, Defendant operates a home healthcare agency in Warren County, North Carolina providing healthcare services to clients in Warren County.

17. Plaintiff and the Collective and Class Members were/are employed by Defendant as healthcare workers who provided care for those with illnesses or disabilities which require assistance with activities of daily living.

18. Plaintiff and the Collective and Class Members were all paid on an hourly basis and were thus not exempt from the overtime requirements of the FLSA and the NCWHA.

19. Plaintiff's hours varied from week to week during her employment with Defendant, but she regularly worked more than forty (40) hours in a workweek.

20. Upon information and belief, the Collective and Class Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

21. Defendant paid straight time for all hours worked but failed to pay an overtime premium for all hours worked over forty (40) hours in a workweek.

22. Plaintiff is aware of other current and former employees of Defendant who were subject to the same payroll practice.

### VII. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

23. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

24. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

25. Plaintiff and the Collective Members are not exempt from the overtime requirements of the FLSA.

26. Plaintiff and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

27. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) by failing to pay in the past three (3) years.

### VIII. VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

28. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

29. The NCWHA requires employers to pay non-exempt employees one and a half times the regular rate of pay for all hours worked over forty (40) hours in a workweek. N.C. Gen. Stat. Ann. §95-25.4.

30. Defendant suffered and permitted Plaintiff and the Class to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the NCWHA, N.C. Gen. Stat. Ann. § 95-25, *et seq.* and its implementing regulations.

31. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals proper overtime compensation in violation of the NCWHA.

32. Defendant's failure to comply with the NCWHA overtime protections caused Plaintiff and the Class to suffer loss of wages and interest thereon.

33. Plaintiff and the Class are entitled to all unpaid overtime, liquidated damages, interest, and attorney fees and costs under the NCWHA.

### IX. COLLECTIVE ACTION ALLEGATIONS

5

Case 5:20-cv-00488-BO   Document 1   Filed 09/17/20   Page 5 of 10

34. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Plaintiff files this action on behalf of herself and all similarly situated healthcare workers as defined herein above.

36. Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective Members and is a willful violation of the FLSA.

37. Defendant's practice and policy of not paying overtime affects Plaintiff and the Class Members and is a willful violation of the NCWHA.

38. The Collective and Class Members are victims of Defendant's unlawful compensation practice and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

39. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated employees.

40. The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment under the FLSA. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### X. CLASS ACTION ALLEGATIONS

41. The NCWHA state law claims are brought on behalf of all similarly situated hourly healthcare workers who do not opt-out of the Class.

42. Plaintiff shares the same interests as the Class will be entitled under the NCWHA to unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the Class.

43. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

44. The Class meets the numerosity requirement of Rule 23(a)(1) because Defendant has employed numerous hourly healthcare workers in the state of North Carolina while subjecting them to working over forty (40) hours per workweek without being paid overtime wages. The precise number of Class Members should be readily available from a review of Defendant's personnel, scheduling, time, payroll, and billing records, and from input received from the Class Members.

45. The Class meets the commonality requirement of Rule 23(a)(2) because Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the Class. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including, but not limited to:

 a. Whether Defendant maintained common policies or practices about the job duties of healthcare workers;

 b. The actual day-to-day duties of healthcare workers;

 c. Whether North Carolina state law requires Defendant to pay overtime wages to Plaintiff and the Class Members;

 d. Whether Defendant violated the NCWHA by not paying Plaintiff and the Class Members an overtime premium;

e. Whether Defendant's conduct was willful; and

   f. Whether Defendant should be required to pay compensatory damages, liquidated damages, attorneys' fees and costs, and interest for violating North Carolina state law.

46. The Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the Class Members were all employed by Defendant and performed their job duties without receiving overtime compensation owed for that work

47. The Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the Class Members, and because Plaintiff's attorneys have successfully prosecuted may complex class actions, including wage and hour and collective actions, and will adequately represent the interest of Plaintiff and the Class Members.

48. The Class meets the predominance requirement of Rule 23(b)(3) because issues common to the Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendant calculated the Class Members' compensation under the same formula in the same way.

49. The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a singly forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

50. Given the material similarity of the Class Members' claims, even if each Class Member could afford to litigation a separate claim, this Court should not countenance or require

8

the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the Class' claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

51. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff, the FLSA Collective, and the Class proper overtime compensation for all hours worked over forty (40) in a workweek.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, respectfully prays for judgment in her favor and against Defendant as follows:

1. For an Order recognizing this proceeding as a collective action under §21(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendant liable for unpaid back wages due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

3. For an award of costs of this action as provided under the FLSA;

4. For an award of attorneys' fees as provided under the FLSA;

5. For an award of pre- and post-judgment interest;

6. For any and all and further relief as may be necessary and appropriate;

7. For an Order certifying this action as a class action under the NCWHA and designating Plaintiff as a representative and undersigned as class counsel on behalf of those similarly situated;

8. For an Order finding Defendant liable for unpaid back wages due to Plaintiff and the Class members and for liquidated damages equal in amount of the unpaid compensation under the NCWHA;

9. For an award of costs in this action as provided under the NCWHA;

10. For an award of attorneys' fees as provided under the NCWHA;

11. For an award of pre- and post-judgment interest; and

12. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and the Collective and Class, demands a trial by jury.

Respectfully Submitted:

By: /s/ Brian L. Kinsley
    Brian L. Kinsley (N.C. Bar Roll No. 38683)
    CRUMLEY ROBERTS, LLP
    2400 Freeman Mill Road, Suite 200
    Greensboro, NC 27406
    Telephone: 336-333-9899
    Facsimile: 336-333-9894
    blkinsley@crumleyroberts.com

/s/ Elizabeth A. Ray
Elizabeth A. Ray (N.C. Bar Roll No. 54368)
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: 336-333-9899
Facsimile: 336-333-9894
earay@crumleyroberts.com